IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES T. SMITH, :
    Plaintiff :
:
v. : CIVIL NO. AMD 00-678
:
MICHAEL J. SMITH, :
    Defendant :

...oOo...

## MEMORANDUM

Plaintiff, Charles T. Smith, a domiciliary of Tennessee, filed a complaint in the Circuit Court for Howard County, Maryland, against his son, defendant Michael J. Smith, who apparently is a domiciliary of Colorado. Defendant removed the case to this court on the basis of diversity of citizenship.

Plaintiff alleges that he and Defendant formed a partnership in the early 1990s in Maryland by way of an oral agreement. The partnership allegedly was intended to market helicopter parts. Plaintiff further alleges that he and Defendant were to share equally in the profits of the partnership. Plaintiff alleges that Defendant has converted partnership assets and funds to his personal use and has refused to render an accounting to Plaintiff as to the partnership affairs. Plaintiff seeks principally declaratory and equitable relief.

Defendant filed a motion to dismiss or for summary judgment. First, Defendant denies by affidavit that he formed any oral partnership with Defendant in the 1990s. He does admit that the parties operated a helicopter parts sales enterprise through 1988, when they sold that entity. Second, Defendant asserts that Plaintiff has failed to state a claim upon which relief can be

granted and, if he has stated a claim, then such claim is time-barred by the three year Maryland statute of limitations. Defendant also has threatened to seek sanctions.[1]

Undeterred, Plaintiff seemingly has changed lawyers and has filed an affidavit which seeks artfully to avoid the thrust of Defendant's contentions. For example, in light of Defendant's invocation of the limitations defense, Plaintiff, now contradicting his verified complaint, attests that the oral agreement was formed in *1994* not 1991. Furthermore, Plaintiff's counsel argues, but Plaintiff pointedly *does not* state in his affidavit given under penalties of perjury, that Plaintiff did not *discover* "that the defendant . . . would not provide the Plaintiff . . . with a share of the profits and . . . would not account for the Plaintiff['s] . . . contributions to [the partnership until] 1998."

Plaintiff filed suit in state court on or about December 3, 1999. Thus, all claims accruing before December 3, 1996 are time-barred by Maryland's general three year period of limitations. Under Maryland's "discovery" rule, accrual of a cause of action is sometimes delayed until a plaintiff knows or should know he has been wronged. *Poffenberger v. Risser*, 290 Md. 631, 636, 431 A.2d 677, 680 (1981), *rev'g* 46 Md. App. 600, 421 A.2d 90 (1980). Plaintiff seemingly has attempted to invoke the discovery rule here.

After a careful examination of the record, I am persuaded that plaintiff has failed to generate a genuine dispute of material fact. Plaintiff has utterly failed to support with any proper Rule 56 material his *lawyer's contention* that he only learned facts indicating the likely

---

[1] Suits over father/son oral partnership agreements are not unknown to Maryland courts. *See Presutti v. Presutti*, 270 Md. 193, 310 A.2d 791 (1973).

existence of a cause of action "in 1998." Nor has plaintiff filed an affidavit under Fed.R.Civ.P. 56(f) suggesting an inability to respond properly to the Defendant's motion for summary judgment. Indeed, the record Plaintiff has compiled in opposition to the motion for summary judgment actually *supports* the Defendant's motion.

Specifically, Plaintiff has submitted copies of checks he claims he used to transfer funds to Defendant for partnership purposes. Those checks are dated May 1994, August 1994, February 1995, May 1995 and January 1996. Thus, not one check is even dated within the three year period of limitations applicable to the complaint in this case. (Nor is any such check drawn payable to the alleged partnership or otherwise indicative of the existence of any such partnership as is alleged to have been formed).

For the reasons discussed above, I shall grant Defendant's motion for summary judgment as to any legal claim for damages.[2] As to any equitable claim for an accounting, the dismissal of this action shall be without prejudice. *Cf. Frederick Road Ltd. Partnership v. Brown & Sturm*, 121 Md.App. 384, 418, 710 A.2d 298, 315, *cert. granted*, 351 Md. 161, 717 A.2d 384 (1998). An order follows.

Filed: March 31, 2000

                                                ANDRE M. DAVIS
United States District Judge

---

[2] Plaintiff's ad damnum clause reads as follows: "Enter a monetary judgment against Defendant in favor of Plaintiff for any and all monies and property Defendant took or misappropriated from the partnership, in excess of his share; Plaintiff believing such sum being in excess of $500,00." It was on the basis of this convoluted allegation that the Defendant removed this case to this court. On the face of the pleading, read as a whole, and on the face of the record of the proceedings so far, this allegation seems fantastic in the extreme.