IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHARLES T. SMITH, <br> Plaintiff | : <br> : <br> : |
| v. | : CIVIL NO. AMD 00-678 |
| MICHAEL J. SMITH, <br> Defendant | : <br> : <br> : |

...o0o...

## MEMORANDUM

By memorandum and order filed on March 31, 2000, I granted summary judgment in favor of defendant in this action ostensibly arising out of an alleged oral partnership agreement between the parties. Plaintiff has now purported to move pursuant to Fed. R. Civ. P. 60(b)[1] for "reconsideration" and pursuant to Fed. R. Civ. P. 15 for leave to file an amended complaint.

Under Fed. R. Civ. P. 60(b), relief is not available for the purpose of allowing parties to re-litigate the issues presented in a case under a new theory when the old one fails, or when evidence or arguments which could have been presented were not presented. *CNF Constructors,*

---

[1] Fed. R.Civ. P. 60(b) provides:
> the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

*Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 400-01 (4th Cir. 1995); *International Longshoremen's Ass'n v. Cataneo, Inc.*, 990 F.2d 794, 800-01 (4th Cir. 1993); *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 44 (4th Cir. 1990). Rule 60(b) is reserved for special limited circumstances where equity requires reconsideration. *See generally* Wright, et al., 11 *Federal Practice and Procedure* § 2857. A party moving for reconsideration of a summary judgment order "faces a substantial burden." *FDIC v. Heidrick*, 812 F.Supp. 586, 588 (D.Md. 1988), *aff'd sub nom. FDIC v. American Cas. Co. of Reading, Pa., Inc.*, 995 F.2d 471 (4th Cir. 1993); *see also United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982)("Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue.").

Plaintiff has done little more than reformulate his affidavit. He does not provide any explanation for having failed previously to submit the factual matters he would now tender in opposition to the defendant's motion for summary judgment. His motion is not well-taken.

As for the motion to amend, even assuming it is properly before the court, the proposed amended complaint seeks solely the equitable relief of an accounting and a judgment "for all amounts found to be due." Thus, on its face, the proposed amended complaint does not allege that the jurisdictional amount for diversity cases is satisfied. Accordingly, both the motion for reconsideration and the motion for leave to amend shall be denied. An order follows.

Filed: May 31, 2000

_____
ANDRE M. DAVIS
United States District Judge